IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| COMMUNITY CREDIT UNION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 4:05 CV 285 |
| | ) | |
| NATIONAL CREDIT UNION ADMINISTRATION, et al., | ) ) ) | |
| Defendants. | ) | |

**MOTION OF *AMICI CURIAE* AMERICAN BANKERS ASSOCIATION AND STATE BANKERS ASSOCIATIONS FOR LEAVE TO SUBMIT MEMORANDUM AS AMICI CURIAE IN SUPPORT OF PLAINTIFF**

C. Dawn Causey, Esq.
Gregory F. Taylor, Esq.
American Bankers Association
1120 Connecticut Ave, NW
Washington, D.C. 20036
(202) 663-5028
 Counsel for *Amici Curiae*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| COMMUNITY CREDIT UNION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 4:05 CV 285 |
| ) | |
| NATIONAL CREDIT UNION ) | |
| ADMINISTRATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MOTION OF *AMICI CURIAE* AMERICAN BANKERS ASSOCIATION AND STATE BANKERS ASSOCIATIONS FOR LEAVE TO SUBMIT MEMORANDUM AS AMICI CURIAE IN SUPPORT OF PLAINTIFF

American Bankers Association, and 42 other state bankers associations that represent the financial institutions of all charter types including national and state banks both stock and mutually chartered move for leave to file the attached Memorandum as *Amici Curiae* in support of Plaintiff Community Credit Union.

Counsel for Plaintiff has consented to the submission of this Memorandum *Amici Curiae*. Counsel for Defendant National Credit Union Administration ("NCUA") and the other federal defendants has stated that the agency will not take a position on this Motion.

### INTEREST OF AMICI CURIAE

American Bankers Association is a national trade association that represents financial institutions of all charter types throughout the United States including mutual savings banks. Our members have more than $6 trillion in total assets. The 41 state

1

bankers associations that join in this motion are nonprofit trade associations that represent the interests of banks of all charters and sizes in their states. These associations are: Alabama Bankers Association, Alaska Bankers Association, Arizona Bankers Association, Arkansas Bankers Association, California Bankers Association, Colorado Bankers Association, Delaware Bankers Association, Georgia Bankers Association, Hawaii Bankers Association, Idaho Bankers Association, Illinois Bankers Association, Iowa Bankers Association, Kansas Bankers Association, Louisiana Bankers Association, Maine Bankers Association, Maryland Bankers Association, Michigan Bankers Association, Mississippi Bankers Association, Montana Bankers Association, Nebraska Bankers Association, Nevada Bankers Association, New Jersey Bankers Association, New Mexico Bankers Association, New York Bankers Association, North Carolina Bankers Association, North Dakota Bankers Association, Oklahoma Bankers Association, Oregon Bankers Association, Pennsylvania Bankers Association, Puerto Rico Bankers Association, Rhode Island Bankers Association, South Carolina Bankers Association, South Dakota Bankers Association, Tennessee Bankers Association, Texas Bankers Association, Utah Bankers Association, Vermont Bankers Association, Virginia Bankers Association, Washington Bankers Association, West Virginia Bankers Association, and the Wyoming Bankers Association.

## ARGUMENT

The trade associations that seek to appear as *Amici Curiae* represent the full panoply of FDIC-insured financial institutions including mutual savings institutions. The ABA and the listed state bankers associations are active participants in the development of public policy both legislatively and administratively. ABA and the state bankers

associations frequently file friend of the court briefs on issues of broad interest to the financial services sector. ABA has previously challenged the actions of the NCUA successfully in close cooperation with the state bankers associations. *National Credit Union Admin. v. First Nat. Bank & Trust Co.*, 522 U.S. 479 (1998). In fact, ABA's successful challenge to the field of membership rules of the NCUA was the motivating factor behind Congress's enactment of the **Credit Union Membership Access Act of 1998**, Pub.L. No. 105-219, 112 Stat. 913 (1998). The ABA was an active participant in the development of the legislation and has actively participated in the NCUA's implementing rulemakings. Recently, the ABA along with the Utah Bankers Association and four member institutions successfully sued the NCUA, challenging the agency's decision to grant a geographic expansion to a credit union charter that would essentially encompass all of the major population centers in Utah. *American Bankers Ass'n v. National Credit Union Admin.*, 347 F.Supp.2d 1061 (D. Utah 2004).

    The trade associations seek leave to file the attached Memorandum in order to afford the Court the collective expertise of these trade organizations and to add the industry's perspective upon the arguments raised by the defendants and the *Amici Curiae* that have submitted briefs in this case supporting the NCUA's position. The ABA and the listed state bankers associations believe that they are in a unique position to prove the Court with valuable information and guidance regarding depositor rights and the role and jurisdiction (or, more correctly, the lack thereof) of the various regulatory agencies in the context of an application to convert from a credit union charter to a mutual savings charter.

The ABA and state banking associations strongly support the ability of credit unions to convert to mutual savings institutions. They oppose the actions of the National Credit Union Administration to essentially foreclose a congressionally provided alternative. As set forth in the attached brief, the *Amici Curiae* believe that the NCUA has overstepped its regulatory jurisdiction into areas Congress has determined are the province of another federal regulator – the Office of Thrift Supervision. Further, the NCUA's stated concerns justifying its actions in this case have nothing to do with the transaction in question, the conversion of one type of mutual institution into another type of mutual institution, but everything to do with a process over which the NCUA lacks statutory and regulatory authority.

A proposed order is attached.

Respectfully submitted,

_____
C. Dawn Causey, Esq.
Gregory F. Taylor, Esq.
American Bankers Association
1120 Connecticut Ave., N.W.
Washington, D.C. 20036
(202) 663-5028
Counsel for *Amici Curiae*

## Certificate of Service

This is to certify that the above and foregoing Motion has been served on the parties and amici in this case in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Texas on this 11th day of August, 2005.

_____
Gregory F. Taylor

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| COMMUNITY CREDIT UNION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 4:05 CV 285 |
| | ) | |
| NATIONAL CREDIT UNION ADMINISTRATION, *et al.*, | ) ) ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION OF MOTION OF AMERICAN BANKERS
ASSOCIATION AND STATE BANKERS ASSOCIATIONS FOR LEAVE TO
SUBMIT MEMORANDUM AS AMICI CURIAE IN SUPPORT OF PLAINTIFF

Upon motion by the American Bankers Association for leave to submit an amicus brief in this case on behalf of itself and 42 state banking associations named in the motion, and upon consideration of the record in this case, it is hereby ORDERED that the motion is GRANTED.

SO ORDERED this _____ day of _____, 2005.

_____